**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

JS-6

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV12-04422 JAK (JPRx) | Date | October 15, 2012 |
|---|---|---|---|
| Title | Neology, Inc. v. Federal Signal Corporation, et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Chris Silva for Andrea Keifer | Alexander Joko |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Victor M. Felix | Stuart A. Shanus<br>Hamilton H. Hill |

**Proceedings:** **DEFENDANTS' MOTION TO TRANSFER VENUE (DKT. 8) JS 6**

The motion hearing is held. The Court states its detailed, tentative views on the record, and is inclined to exercise its discretion and grant Defendants' motion to transfer venue to Delaware. The Court notes that Plaintiff previously filed an action in Delaware against the same Defendants regarding patent infringement of many of the same products; that case is still pending. The Court believes that there will be significant efficiencies by having the cases heard in a single forum. The Court states that it is mindful that certain witnesses and evidence may be located in California and that there are differences in the nature of the patent claims at issue in the two cases, notwithstanding the substantial overlap as to products. Thus, 12 out of the 15 total products are at issue in both cases. The Court notes that Delaware is the state of incorporation of several of the parties and that Plaintiff chose Delaware as its forum in the related case. The court in Delaware has conducted substantive hearings in that matter, e.g., on a motion for a preliminary injunction.

28 U.S.C. § 1404(a) provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Whether to transfer is within the district court's discretion. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

"Under § 1404(a), the district court has discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Id.* In considering a motion to transfer venue under §1404(a), the court may consider:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Id.* at 498-99.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | LA CV12-04422 JAK (JPRx) | Date | October 15, 2012 |
|---|---|---|---|
| Title | Neology, Inc. v. Federal Signal Corporation, et al. | | |

In an earlier venue case, the Ninth Circuit listed additional factors a court may consider. *Decker Coal Co. v. Commonwealth Edison, Co.*, 805 F.2d 834, 843 (9th Cir. 1986). These included certain "private factors": (1) relative ease of access to sources of proof; (2) availability of compulsory process for attendance of unwilling witnesses; (3) the cost of obtaining attendance of willing witnesses; (4) possibility of view of premises, if view would be appropriate to the action; and (5) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id.* These also included certain "public factors": (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; (4) the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and (5) the unfairness of burdening citizens in an unrelated forum with jury duty. *Id.*

In a standard analysis, great weight is accorded a plaintiff's choice of forum, *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987), and a defendant "must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum," *Decker*, 805 F.2d at 843. Transfer must result in result in a net increase in convenience to the witnesses or parties; it must not "merely shift" the inconvenience. *Id.* However, the transfer analysis is different if Plaintiff has brought two similar actions in two different venues. *See A. J. Indus., Inc. v. U.S. Dist. Court for Cent. Dist. of California*, 503 F.2d 384, 389 (9th Cir. 1974) ("The feasibility of consolidation is a significant factor in a transfer decision . . . although even the pendency of an action in another district is important because of the positive effects it might have in possible consolidation of discovery and convenience to witnesses and parties."); *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that s 1404(a) was designed to prevent."). The interests of justice analysis implicated by the pendency of a related case in another forum can be decisive in allowing transfer even where witness and party convenience weigh against transfer. *Am. Canine Found. v. Sun*, No. CIV.S 06 654 LKK/DAD, 2006 WL 2092614, at *3 (E.D. Cal. July 27, 2006); *Mussetter Distrib., Inc. v. DBI Beverage Inc.*, No. CIV. 09-1442WBSEFB, 2009 WL 1992356, at *3, *5-6 (E.D. Cal. July 8, 2009) ("while a defendant 'must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum' . . . this premise does not implicate the court's power to transfer an action where the interests of justice so require" such as "the pendency of a related case in the transferee forum"). Although these district court cases are not binding on this Court, this Court finds their interpretation of the binding authority persuasive.

Plaintiff does not contest that this action could have been brought in Delaware. Plaintiff explains that the Delaware forum for the original action was selected at a time that Plaintiff thought that certain non-party witnesses would be located in Toronto, thereby making Delaware an appropriate, compromise forum. The parties agree that, because this action could also have been brought in Delaware, the Court has discretion to transfer this action there. The Court tentatively finds that most of the aforementioned *Jones* and *Decker* factors are neutral, particularly in these circumstances, where a related action is already pending in Delaware, a forum chosen by Plaintiff. The Court finds this situation, where there may be two proceedings in two venues, different from the typical one in which the analysis of whether to order a transfer applies in the context of a single proceeding in a forum chosen by Plaintiff. The Court finds the difference in costs of litigation in the two forums significant because duplicative efforts will be avoided, notwithstanding any differences between the cases and the possibility of coordinating discovery. The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | LA CV12-04422 JAK (JPRx) | Date | October 15, 2012 |
|---|---|---|---|
| Title | Neology, Inc. v. Federal Signal Corporation, et al. | | |

Court similarly finds that the practical problems that make trial easy, expeditious, and inexpensive weigh strongly in favor of transfer. The Court also notes that it does not appear that the schedule of the Delaware action would be delayed by the addition of these claims. With respect to the overlapping products, but the different patents, the Court believes that there nonetheless will be efficiencies in throughout the cases. Thus, *Markman* and other hearings can be conducted more efficiently before a single bench officer. Further, common rulings on evidence, discovery and other pre-trial matters will also be more efficient and consistent. Coordination between two courts will also be unnecessary. Therefore, the Court is inclined to find that the interests of justice support the transfer of this matter to Delaware where the related case is pending. Under the factual circumstances presented here, the factors relating to the convenience of certain of the parties and party witnesses are largely neutral. However, even if California is the more convenient forum for certain witnesses, the interests of justice outweigh the convenience of the parties and witnesses in these circumstances. Thus, transfer to the forum where a related case is pending is warranted.

Counsel for both parties address the Court regarding the issues it raises, including: (i) the degree of overlap between the witnesses and issues in each action; (ii) whether the factors regarding Plaintiff's choice of forum, the parties' contact with the forum, the forum contacts relating to the cause of action, availability of compulsory process, and ease of access to proof favor California as venue; (iii) that discovery in the Delaware action has already taken place in California; and (iv) why the first case was brought in Delaware.

The Court adheres to its tentative views and **GRANTS** the motion. This action is hereby transferred to the United States District Court for the District of Delaware.

**IT IS SO ORDERED.**

|  | 0 | : | 24 |
|---|---|---|---|
| | Initials of Preparer | | CSI |